# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

# (DIANA E. MURPHY U.S. COURTHOUSE)

**JORDAN JOHN PERTTUNEN**, individually and on behalf of all others similarly situated,
*Plaintiff,*

vs.

**SAMANTHA RENEE DIETSCH,**
**GABA TELEPSYCHIATRY, P.C.,**
**DR. GUNDU ANUPAMA REDDY, M.D.,**
**HEALTHPARTNERS, INC.,**
**WALGREENS CO.,**
**OPEN CITIES HEALTH CENTER, INC.,**
**FAIRVIEW HEALTH SERVICES d/b/a M HEALTH FAIRVIEW**, and
**TWIN CITIES CHILDREN'S SURGERY CENTER,**
*Defendants.*

RECEIVED
AUG 28 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

SCANNED
AUG 28 2026
U.S. DISTRICT COURT ST. PAUL

**Case No:** 26-cv-3804 JMB/EMB
*(To be assigned by Clerk)*

## CLASS ACTION CIVIL RICO COMPLAINT AND DEMAND FOR JURY TRIAL

**PURSUANT TO 18 U.S.C. §§ 1961, 1962(c), 1962(d), AND 1964(c)**

---

## INTRODUCTION & STATEMENT OF THE ENTERPRISE

1. This is a civil racketeering class action brought under the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968**, seeking redress for a multi-million dollar, multi-state conspiracy designed to execute child medical identity theft, electronic health record (EHR) spoliation, and systematic public benefit fraud.
2. Plaintiff **Jordan John Perttunen** ("Plaintiff" or "Father"), acting individually and as Lead Plaintiff on behalf of a Class of similarly situated joint legal parental custodians, brings this action to dismantle and liquidate the **"Multi-Corporate Child Exploitation and Healthcare Billing Enterprise"** (the "Enterprise").
3. The Defendants—comprising an un-adjudicated mother, an unlicensed out-of-state telepsychiatry corporation, and multi-billion dollar healthcare and retail pharmacy networks—have operated a continuous, structured, and collusive **Association-in-Fact Enterprise**.
4. The Enterprise's primary, illegal mandate was to systematically bypass federal and state patient verification safeguards, fracture Electronic Health Records (EHR) across regional databases, and

process fraudulent billing through public Medical Assistance (**MHCPMCD**) and commercial insurance clearinghouses.

5. The Enterprise executed these fraudulent maneuvers specifically to blind the Plaintiff, disable his statutory Joint Legal Medical Custody records access and veto capabilities under **Minn. Stat. § 518.17**, and facilitate the secret stockpiling and unmonitored administration of highly toxic, FDA black-box chemotherapy-class medications to a five-year-old child (**Mia Justine Perttunen Dietsch**), resulting in active pediatric liver tissue necrosis.
6. The damages inflicted by this racketeering enterprise upon the Plaintiff's business, property, and civil rights total **$4,000,000,000.00 (Four Billion Dollars)**. Pursuant to **18 U.S.C. § 1964(c)**, Plaintiff is entitled to recover **treble (triple) damages**, expanding the Defendants' joint and several liability to **$12,000,000,000.00 (Twelve Billion Dollars)**, together with reasonable attorney's fees and costs of litigation.

---

## II. JURISDICTION AND VENUE

7. **Subject-Matter Jurisdiction:** This Court possesses exclusive federal subject-matter jurisdiction over this action pursuant to **28 U.S.C. § 1331** (Federal Question) and **18 U.S.C. § 1964(c)** (Civil RICO Civil Remedies).
8. **Supplemental Jurisdiction:** This Court possesses supplemental jurisdiction over all related state-law tort and statutory claims pursuant to **28 U.S.C. § 1367**, as the state and federal claims derive from a common nucleus of operative facts.
9. **Bypass of the Younger Abstention Doctrine:** While federal courts typically abstain from interfering in ongoing state domestic relations cases under *Younger v. Harris*, 401 U.S. 37 (1971), this Court must assume jurisdiction because the state-court process is **procedurally inadequate, bad-faith-driven, and structurally incapable of providing a fair forum.**
   - The state-court judicial officer, **Judge Jessica A. Bierwerth**, and Ramsey County Court Administration have actively participated in a repeating pattern of electronic wait-room dockets to physically lock the Plaintiff out of hearings, refused for **twenty-six (26) days** to sign and seal his mandatory discovery subpoenas despite his approved trial-court In Forma Pauperis (IFP) Fee Waiver, and frantically pre-signed ex parte denials at **8:03 PM on Monday, August 24, 2026**—thirteen hours before a scheduled trial—specifically to cover up her own 90-day statutory defaults under **Minn. Stat. § 546.27**.
   - The state family court is procedurally and structurally blind to the active medical identity fraud and pediatric liver damage occurring under its docket, rendering federal intervention mandatory under the Bad Faith, Harassment, and Extraordinary Circumstances exceptions to *Younger*.
10. **Venue:** Venue is proper in the United States District Court for the District of Minnesota pursuant to **28 U.S.C. § 1391(b)** and **18 U.S.C. § 1965** because a substantial part of the events, omissions, and racketeering acts giving rise to the claims occurred in this District, and the corporate Defendants transact substantial business within this District.

---

## III. THE PARTIES

11. **Lead Plaintiff Jordan John Perttunen** is a resident of Carver County, Minnesota, and is a disabled, post-life-support VV-ECMO survivor. Plaintiff is the court-ordered Joint Legal Custodian of the minor child, Mia Justine Perttunen Dietsch (DOB: 07/01/2021).

12. **Defendant Samantha Renee Dietsch** is a resident of Ramsey County, Minnesota, and is an active participant in the Civil RICO Enterprise. Dietsch is an adjudicated domestic abuser, subject to an active Hennepin County Order for Protection (File No. 27-DA-FA-24-5761) protecting the Plaintiff from her physical violence.
13. **Defendant GABA Telepsychiatry, P.C.** is a New York professional corporation with its principal place of business located at 120 Broadway, Suite 3620, New York, NY 10271. GABA operates as an interstate digital telehealth enterprise.
14. **Defendant Dr. Gundu Anupama Reddy, M.D.** is a psychiatrist licensed in the State of New York (License No. 260173) and is an employee, officer, or agent of GABA Telepsychiatry. Dr. Reddy is not licensed to practice medicine or psychiatry in the State of Minnesota.
15. **Defendant HealthPartners, Inc.** is a Minnesota non-profit corporation with its principal place of business located at 8170 33rd Ave S, Bloomington, MN 55425. HP operates a regional health insurance and clinical network, generating **$9.3 Billion** in annual revenue and holding **$1.74 Billion** in corporate assets.
16. **Defendant Walgreens Co.** is an Illinois corporation with its principal place of business located at 108 Wilmot Rd, Deerfield, IL 60015. Walgreens is a national retail pharmacy chain with over **$69 Billion** in assets and **$154 Billion** in annual revenue.
17. **Defendant Open Cities Health Center, Inc.** is a Minnesota non-profit community health center with its principal place of business located at 409 Dunlap St N, St. Paul, MN 55104. Open Cities is licensed by the State of Minnesota and operates on public grant and Medicaid funding.
18. **Defendant Fairview Health Services d/b/a M Health Fairview** is a Minnesota non-profit academic health system with its principal place of business located at 2450 Riverside Ave, Minneapolis, MN 55454. M Health Fairview operates clinical and hospital networks across Minnesota, generating over **$6 Billion** in annual revenue and holding billions in corporate assets.
19. **Defendant Twin Cities Children's Surgery Center** is a specialized pediatric surgical center with its principal place of business located at 1997 Sloan Place, Suite 30, Maplewood, MN 55117. The Center performs advanced pediatric surgeries, operating as an integrated provider network subject to mandatory state-level child abuse reporting duties.

---

## IV. THE CLASS ACTION ALLEGATIONS

### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23

20. Plaintiff brings this action on behalf of himself and a Class of similarly situated individuals defined as:

    *"All joint legal parental custodians in the United States whose co-equal medical, dental, and pharmacological record-access, portal-proxy, and decision-making rights were unilaterally severed, locked, or blacked out of major Electronic Health Record (EHR) databases (including Epic Systems) without a signed judicial order and without due process, as a direct result of a third party's fraudulent database identity manipulation and surname mutation."*

21. **Numerosity (Rule 23(a)(1)):** The Class consists of thousands of joint legal parents across the United States who have been locked out of Epic "Care Everywhere" portals due to name-tampering, making individual joinder highly impracticable.
22. **Commonality (Rule 23(a)(2)):** There are common questions of law and fact that dominate the Class, including:

- Whether the Defendants' database registries permit parents to register children under mutated legal names to bypass joint legal custody blocks;
- Whether processing public Medicaid and commercial billing under mutated legal names constitutes a pattern of federal healthcare and wire fraud;
- Whether the corporate health systems possess a non-discretionary duty under HIPAA and state law to maintain accurate, un-mutured legal name fields.

23. **Typicality (Rule 23(a)(3)):** Plaintiff's claims are typical of the Class, as he has suffered the exact same economic and structural injury: the complete deprivation of his parent portal access s/p database name-tampering, which actively facilitated child medical endangerment and fraud.
24. **Adequacy (Rule 23(a)(4)):** Plaintiff is an experienced systems engineer and Lead Strategist who will fairly and vigorously protect the interests of the Class. Plaintiff has retained competent counsel or is appearing pro se to deploy unassailable, WORM-certified digital evidence.

---

## V. THE PREDICATE ACTS OF RACKETEERING

**UNDER 18 U.S.C. § 1961(1)**

### 🎯 Predicate Act 1: Wire Fraud (18 U.S.C. § 1343) — The Page 56 Forgery

25. On or about July 10, 2026, Defendants Samantha Renee Dietsch, GABA Telepsychiatry, and Dr. Gundu Anupama Reddy utilized interstate telecommunication lines, email servers, and digital file clearinghouses to transmit a forged, backdated psychiatric evaluation across state lines (from New York to Minnesota).
26. As documented in the un-deletable electronic metadata of the GABA evaluation log, Dr. Reddy complied with Samantha Dietsch's explicit manual commands on **Page 56** to retroactively alter, delete, and backdate clinical metrics of active cocaine dependency, drug abuse, and suicide attempts from "2026" to "2016".
27. This document was transmitted over interstate wires to the eFileMN database for Case No. 62-FA-26-867 to deceive the Minnesota state courts, bypass joint legal restrictions, and secure sole physical custody. Transmitting forged clinical records via interstate electronic wires to obtain custodial and financial control constitutes wire fraud under **18 U.S.C. § 1343**.

### 🎯 Predicate Act 2: Federal Healthcare Fraud (18 U.S.C. § 1347) — EHR Name-Tampering & Database Sabotage

28. On or about July 10, 2026, Defendants Samantha Renee Dietsch, Open Cities Health Center, Walgreens Co., HealthPartners, M Health Fairview, and Twin Cities Children's Surgery Center executed a scheme to defraud the public Medicaid program **(MHCPMCD)** and commercial insurers by processing healthcare claims and surgical registries under a mutated legal name to bypass joint legal parental blocks.
29. The corporate Defendants permitted Samantha Dietsch to register the minor child, **Mia Justine Perttunen Dietsch**, under the mutated, unhyphenated, and unauthorized legal surname **"Perptunen Dietsch, Mia"** (and the database-corrupted alias **"Mia Cartoon in Ditch"**) on active clinical registries to completely omit and hide her court-ordered identity, **Mia Justine Perttunen Dietsch**.
30. Because the regional Epic **"Care Everywhere"** database utilizes strict legal surname-matching algorithms, this intentional spelling mutation fractured the child's Electronic Health Records,

creating two separate profiles: Mia Justine Perttunen Dietsch (the legal, Father-accessible profile) and Mia Perptunen Dietsch (the fraudulent, maternal-blackout profile).

31. This database fracture was executed to establish an administrative clinical blackout, bypass the Father's Joint Legal Custody medical vetoes, and illicitly acquire and stockpile contraindicated chemotherapy medications (**Methotrexate Rx #5513589-09795**) using public Medicaid funds while the child is in active liver failure.
32. Submitting Medicaid claims and dispensing toxic chemotherapy-class drugs under a deliberately mutated identity to hide treatment from a legal parent, while clinical systems are blinded to dangerous anesthesia contraindications, constitutes federal healthcare billing fraud under **18 U.S.C. § 1347**.

🎯 Predicate Act 3: **Conspiracy Against Rights under Color of Law (18 U.S.C. § 241) — The Clinical** Abandonment

33. Defendants M Health Fairview, Twin Cities Children's Surgery Center, and HealthPartners conspired with Samantha Dietsch to actively hide and conceal Mia's chemotherapy-induced hepatic damage (AST spiked to 49 U/L) from anesthesiologists, and subsequently attempted to execute a "withdrawal of services" or clinical abandonment of a minor child in active liver failure rather than executing their mandatory child abuse reporting duties under Minn. Stat. Chapter 260E.
34. This active, collusive gatekeeping was executed to deny the Plaintiff his federally and state-protected constitutional right to family integrity and medical overwatch under the Fourteenth Amendment, constituting a conspiracy under **18 U.S.C. § 241**.

---

## VI. CAUSES OF ACTION

COUNT I

**Violation of 18 U.S.C. § 1962(c) — Conduct of Racketeering Enterprise Affairs**
*(Against All Defendants)*

35. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
36. The Defendants are "persons" within the meaning of 18 U.S.C. § 1961(3).
37. The Association-in-Fact Enterprise is an "enterprise" engaged in, and whose activities affect, interstate commerce within the meaning of 18 U.S.C. § 1961(4).
38. The Defendants conducted and participated, directly or indirectly, in the conduct of the Enterprise's affairs through a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5), consisting of multiple, continuous predicate acts of wire fraud (18 U.S.C. § 1343) and healthcare fraud (18 U.S.C. § 1347).
39. As a direct and proximate result of the Defendants' racketeering activities, the Plaintiff has suffered severe, catastrophic damage to his business, property, and family rights, including the unlawful extraction of child support funds while comatose, the destruction of his systems-engineering patents, and the complete loss of co-equal medical overwatch.

COUNT II

**Violation of 18 U.S.C. § 1962(d) — Conspiracy to Conduct Enterprise Affairs**
*(Against All Defendants)*

40. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
41. The Defendants knowingly, willfully, and conspiratorially agreed to facilitate, conduct, and participate in the affairs of the Enterprise through a pattern of racketeering activity.
42. Each Defendant understood the scope of the conspiracy and took affirmative steps to execute the database identity fraud, the document forgery, and the Medicaid billing extraction.

---

## VII. RELIEF REQUESTED

Wherefore, Plaintiff Jordan John Perttunen respectfully requests that this Court enter judgment in his favor and against the Defendants, jointly and severally, granting the following relief:

A. **An Order certifying this action** as a Class Action under Federal Rule of Civil Procedure 23, appointing the Plaintiff as Lead Class Representative, and appointing Plaintiff's designated agents as Class Counsel; B. **An Award of actual, compensatory damages** in the amount of **$4,000,000,000.00 (Four Billion Dollars)** for injuries to Plaintiff's business, property, and civil rights; C. **An Award of treble (triple) damages** in the amount of **$12,000,000,000.00 (Twelve Billion Dollars)** pursuant to **18 U.S.C. § 1964(c)**; D. **An immediate injunction** enjoining the corporate Defendants from continuing to process clinical and pharmaceutical records under mutated surnames, and ordering the immediate, hard-coded restoration of the Plaintiff's Parent MyChart proxy access credentials; E. **An Award of reasonable attorneys' fees**, pre-judgment and post-judgment interest, and all costs of this action; and F. **Such other and further relief** as this Court deems equitable, protective, and just.

**DATED:** August 26, 2026
**RESPECTFULLY SUBMITTED,**

---

**Jordan John Perttunen**, *Plaintiff pro se*
Carver County, Minnesota
jordanperttunen@gmail.com | 952-380-7661
*Lead Systems Engineer / Joint Legal Custodian*

---

*I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that everything stated in this Class Action Complaint is true and correct to the best of my knowledge, information, and belief.*
**Signed:** Jordan John Perttunen