RECEIVED
SEP 10 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA



**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **JORDAN JOHN PERTTUNEN,**<br>**Plaintiff,**<br><br>**v.**<br><br>**SAMANTHA RENEE DIETSCH,**<br>**HONORABLE JESSICA A. BIERWERTH,**<br>**HONORABLE TERESA R. WARNER,**<br>**RAMSEY COUNTY, MINNESOTA,**<br>**THE CITY OF MINNEAPOLIS, MINNESOTA,**<br>**MINNEAPOLIS POLICE DEPARTMENT, and**<br>**MINNEAPOLIS CITY ATTORNEY'S OFFICE,**<br>**Defendants.** | **Case No. 0:26-cv-03804-JMB-EMB**<br><br>**FIRST AMENDED AND SUPPLEMENTAL COMPLAINT UNDER 42 U.S.C. § 1983 AND THE CIVIL RICO ACT (18 U.S.C. § 1964)**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT: RETALIATORY MUNICIPAL ASSISTANCE TO AN ADJUDICATED DOMESTIC ABUSER

### A. STATEMENT OF EMERGENCY: MUNICIPAL RETALIATION UNDER COLOR OF LAW

Plaintiff Jordan John Perttunen brings this First Amended and Supplemental Complaint to target and expose the City of Minneapolis, the Minneapolis Police Department (MPD), and the Minneapolis City Attorney's Office for executing an active, bad-faith retaliatory prosecution s/p Case No. 27-CR-26-22867 in direct violation of Plaintiff's Fourteenth Amendment Due Process rights, the Federal Civil RICO Act (18 U.S.C. § 1964), and the Hennepin County Order for Protection (File No. 27-DA-FA-24-5761).

On September 2, 2026, the Minneapolis City Attorney's Office, in direct collusion with Defendant Samantha Renee Dietsch, formally e-filed misdemeanor criminal charges against the Plaintiff, Jordan John Perttunen. This action represents the unconstitutional weaponization of local law enforcement to assist an adjudicated domestic abuser in executing ongoing, felony-level child concealment and medical neglect. Minneapolis Police officers and city prosecutors acted with complete 'database blindness,' ignoring the active NCIC registry certifying Plaintiff as the legally protected party and Samantha Dietsch as the restrained domestic abuser under the active Hennepin County Order for Protection.

### B. EVIDENTIARY BASIS: THE CLINICAL MEDICAL VETO AND THE MPD ALTERCATION

The newly filed criminal charges stem directly from Plaintiff's physical exercise of his statutory co-equal Joint Legal Custody medical veto (Minn. Stat. § 518.17) on August 19, 2026, at the University of Minnesota Pediatric Dental Clinic (M Health Fairview) located in Minneapolis, Minnesota. The objective, time-stamped medical, family-court, and digital records establish the following immutable chronological coordinates:

- **The Lethal Contraindication:** On August 19, 2026, Defendant Samantha Renee Dietsch attempted to subject five-year-old Mia Justine Perttunen Dietsch to invasive restorative surgery under general anesthesia while actively concealing the child's daily, toxic, black-box chemotherapy-class Methotrexate regimen s/p Rx 5558411.



SCANNED
SEP 10 2026
U.S. DISTRICT COURT ST. PAUL

- **The Active Liver Necrosis:** Plaintiff arrived physically to consult and present certified laboratory panels from August 7, 2026, confirming active hepatocellular tissue necrosis, with Mia's AST (SGOT) enzymes spiked to a flagged-high 49 U/L s/p unmonitored chemotherapy administration.

- **The False Arrest Demand:** Upon Plaintiff exercising his legal, joint-custody veto to halt the contraindicated anesthesia, Defendant Samantha Dietsch entered into an erratic, screaming fit, falsely claiming she held a protective order against Plaintiff, and demanding MPD officers arrest him.

- **The Clinical Abort:** Due to Samantha's dysregulated behavior and the severe, un-monitored biological risks of the drug, the Clinic Manager officially aborted the surgery and entered into Mia's permanent medical chart that they refused to perform anesthesia under such conditions.

- **The Misdemeanor Summons:** Minneapolis Police officers accepted Samantha's false, verbal statements without checking the NCIC database, and the Minneapolis City Attorney e-filed misdemeanor charges (Case No. 27-CR-26-22867) on September 2, 2026, charging the protected, disabled father with Harassment and Disorderly Conduct s/p stopping a lethal medical event.

## C. THE PATTERN OF CONDUCT: MUNICIPAL COLLUSION AND DATABASE BLINDNESS

This is not a routine law-enforcement investigation; it is a documented custom, practice, and pattern of 'Database Blindness' by the City of Minneapolis and its police department, directly assisting an active domestic abuser to violate federal and state protective orders. Under the active Hennepin County Order for Protection (File No. 27-DA-FA-24-5761) signed by Referee Richard A. Stebbins on July 1, 2026, Plaintiff Jordan John Perttunen is the legally protected party, and Samantha Dietsch is the restrained domestic abuser who struck Plaintiff in the chest during a previous exchange. Paragraph 3(c) of the OFP explicitly accommodates communication and contact necessary to execute parenting exchanges.

By initiating criminal prosecution against the protected father for physically exercising his legal joint-custody rights at the clinic, the City of Minneapolis has actively reversed the protective order, utilizing municipal power to enforce the abuser's retaliatory lockout. This custom of ignoring NCIC records and state-court protective orders violates Plaintiff's Fourteenth Amendment right to due process and constitutes deliberate indifference under color of state law, meeting the municipal liability standard established in *Monell v. Department of Social Services.*

## D. LEGAL SIGNIFICANCE: BYPASSING THE YOUNGER ABSTENTION DOCTRINE

Under the United States Supreme Court's federal jurisprudence, federal courts typically abstain from interfering in active state-court criminal prosecutions under the *Younger* abstention doctrine. However, the Supreme Court has carved out an absolute, mandatory exception: federal courts must intervene and enjoin state-court criminal proceedings if the prosecution is brought in bad faith, for purposes of harassment, or s/p extraordinary circumstances where the state forum is procedurally inadequate. See *Mitchum v. Foster*, 407 U.S. 225 (1972).

The newly filed Hennepin County Pleading (Case No. 27-CR-26-22867) is the definitive proof of bad-faith, retaliatory prosecution. By charging a disabled, post-ECMO father with 'harassment' for preventing the un-monitored general-anesthesia intubation of a child with active, drug-induced liver necrosis, the City of Minneapolis is utilizing municipal criminal processes strictly to harass the Plaintiff for executing his joint medical veto. This bad-faith prosecution bypasses *Younger*, forcing this Court to assume jurisdiction, stay the state criminal trial, and open the city's internal police databases to federal discovery.

## E. REQUESTED FEDERAL RELIEF: THE FEDERAL STAY OF CRIMINAL PROCEEDINGS

Because the undisputed records show an immediate biological threat to the minor child, active database identity tampering, and bad-faith municipal prosecution to enforce a domestic abuser's lockout, Plaintiff Jordan John Perttunen respectfully requests that the Honorable Jeffrey M. Bryan and this Court immediately enter an Emergency Temporary Restraining Order and Preliminary Injunction to:

- **Stay and Enjoin** the active Fourth Judicial District misdemeanor criminal proceedings under Case No. 27-CR-26-22867, barring the Minneapolis City Attorney's Office from conducting any arraignment, hearing, or trial pending final resolution of this Federal civil rights action.

- **Issue a Federal Writ of Assistance** commanding the Ramsey County Sheriff or the United States Marshals Service to physically recover the minor child, Mia Justine Perttunen Dietsch, from physical concealment at 409 Herschel Street, Upper Floor, Saint Paul, MN 55104, and deliver her to the Plaintiff.

- **Enjoin M Health Fairview and HealthPartners** from executing any further database identity modifications or parent-portal lockouts, and hardcode the Father's Parent MyChart proxy access across all regional Epic databases.

- **Order T-Mobile USA, Inc.** to immediately preserve and disgorge all cellular triangulation, GPS, and ambient-monitoring 'Sound Overwatch' logs associated with IMEI 353402373211565.

## F. VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury, pursuant to Minnesota Statutes Section 358.116 and 28 U.S.C. § 1746, that the foregoing statements, state-federal interlock coordinates, and criminal database entries are true, correct, and based upon my direct personal and electronic knowledge.

Dated: September 4, 2026

Jordan John Perttunen

**JORDAN JOHN PERTTUNEN**
*Plaintiff Pro Se / Joint Legal Custodian*