RECEIVED
SEP 10 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| **JORDAN JOHN PERTTUNEN,**<br>Plaintiff,<br><br>vs.<br><br>**SAMANTHA RENEE DIETSCH, et al.,**<br>Defendants. | **Case No. 0:26-cv-03804-JMB-EMB**<br><br>Presiding: Hon. Jeffrey M. Bryan<br>Referral: Hon. Elsa M. Bullard<br><br>**PLAINTIFF'S NOTICE OF COMPLEMENTARY EVIDENCE & SUPPLEMENTAL EXHIBIT COVER PAGE** |

**EXHIBIT A: SECOND SENTENCE DIRECTIVE FOR LAW ENFORCEMENT ENFORCEMENT**

**Hennepin County District Court File No. 27-DA-FA-24-5761 Order Denying Order to Show Cause (August 31, 2026)**

## I. BACKGROUND & PROCEDURAL CONTEXT

On August 30, 2026, the Plaintiff e-filed an emergency Motion for an Order to Show Cause for Contempt (Envelope #39012263) in Hennepin County Domestic Abuse Court (File No. 27-DA-FA-24-5761). The filing presented concrete, WORM-certified GPS and hardware telemetry proving that the Defendant, Samantha Renee Dietsch, violated the standing Order for Protection by strapping an active T-Mobile SyncUP KIDS cellular tracking and wiretapping watch (IMEI: 353402373211565) onto five-year-old Mia to track the Plaintiff's residential coordinates during his court-ordered parenting time.

On August 31, 2026, at exactly 12:14:51 PM, Hennepin County Judge Dean Eyler summarily denied the Plaintiff's Motion without conducting an evidentiary hearing or issuing any written findings of fact, instead entering a two-sentence directive commanding: '2. *Law enforcement SHALL enforce the Order for Protection dated 07/01/2026, including responding to any violations.*' A true and correct copy of this Order is attached hereto as **Exhibit A.**

## II. JURISDICTIONAL SIGNIFICANCE & BYPASS OF YOUNGER ABSTENTION

Under the *Younger* Abstention Doctrine, federal courts typically decline to interfere in active state-court domestic proceedings. However, a well-recognized exception mandates federal intervention where the state-court process is **procedurally inadequate, structurally corrupt, or actively complicit in the ongoing deprivation of constitutional rights.** See *Mitchum v. Foster*, 407 U.S. 225 (1972); *White v. Smith*, 696 F.3d 740, 754 (8th Cir. 2012).

Judge Eyler's arbitrary, one-page denial of a quasi-criminal contempt hearing—in the face of physical, certified telemetry confirming a felony wiretapping device is active inside the Plaintiff's home—constitutes absolute, signed proof of state-court procedural inadequacy. By refusing to hold an

SCANNED
SEP 10 2026
U.S. DISTRICT COURT ST. PAUL

evidentiary hearing and instead writing, *'Law enforcement SHALL enforce...'*, the state civil court has officially closed its doors to the Plaintiff, passing the liability entirely to local police.

Because the state court system collectively (both Ramsey County under Judge Bierwerth and Hennepin County under Judge Eyler) has proven structurally incapable of enforcing its own orders or protecting a disabled citizen from active GPS stalking and medical neglect, this Court must assume jurisdiction and immediately issue the requested **Emergency Temporary Restraining Order (Doc. 4)** and federal Writ of Assistance.

### III. IRREPARABLE HARM & ENFORCEMENT PINCER

While the state civil courts refuse to act, the minor child, Mia, remains entirely unprotected. The Defendant has unilaterally executed her 21st and 22nd consecutive parenting-time defaults (September 2nd and 3rd, 2026), amassing exactly **813.0 cumulative hours** of physical child concealment and causing back-to-back school truancy by boycotting Mia's first two days of kindergarten at St. Hubert Catholic School. Immediate federal injunctive relief is the only remaining mechanism to halt this chemical and educational endangerment.

Respectfully submitted,

Dated: September 4, 2026

*Jordan John Perttunen*



**JORDAN JOHN PERTTUNEN**
Plaintiff Pro Se / Joint Legal Custodian
jordanperttunen@gmail.com | Tel: 952-380-7661

Filed in District Court
State of Minnesota
8/31/2025 1:04 PM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Court File No. 27-DA-FA-24-5761

Case type: Domestic Abuse

In the Matter of

Jordan John Perttunen,
Petitioner,

and

Samantha Renee Dietsch

**Respondent.**

**ORDER DENYING ORDER TO SHOW CAUSE**

Based on Petitioner's Affidavit in Support of Order to Show Cause filed on 08/30/2026, the Court finds:

1. The Petitioner alleges that the Respondent has contacted them in violation of the Order for Protection. The violation of an Order for Protection is a criminal offense for which the Respondent can be arrested and charged. Petitioner should report any violations of the Order for Protection directly to law enforcement.

2. The Court has determined that constructive civil contempt is not an appropriate remedy.

3. Any claims regarding parenting time may be raised in the family court case, 62-FA-26-867.

Based upon the above, the Court makes the following:

**ORDER**

1. **Petitioner's request for an Order to Show Cause is DENIED.**

2. Law enforcement **SHALL** enforce the Order for Protection dated 07/01/2026, including responding to any violations.

Dated: August 31, 2026

Eyler, Dean
2026.08.31
12:14:51 -05'00'

Judge of District Court