**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jordan John Perttunen,

Plaintiff,

v.

Samantha Renee Dietsch; Honorable Jessica A. Bierwerth; Honorable Teresa R. Warner; Ramsey County, Minnesota; The City of Minneapolis, Minnesota; Minneapolis Police Department; and Minneapolis City Attorney's Office,

Defendants.

Case No. 26-CV-3804 (JMB/EMB)

**ORDER**

---

This matter comes before the Court on Plaintiff Jordan John Perttunen's application to proceed in forma pauperis (IFP application) and motion for temporary restraining order. (Doc. No. 2, 4, 7.) The Court dismisses Perttunen's Complaint without prejudice, denies the motion for temporary restraining order, and denies the IFP Application.

Courts must deny an IFP application and dismiss the underlying legal action if a complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127 (8th Cir. 1996) (per curiam). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing whether a complaint states a claim on which relief may be granted, courts accept as true the factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor. *Braden v. Wal-Mart*

*Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). However, courts are not bound to accept legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. Complaints filed by self-represented plaintiffs, while construed liberally, "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Perttunen disagrees with the medical care being provided to his minor daughter at the behest of her mother, Defendant Samantha Renee Dietsch, and believes that medical care information is being concealed from him. Perttunen commenced this action with an initial complaint raising claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968. (Doc. No. 1.) Two weeks later, Perttunen filed an Amended Complaint referencing in the caption "42 U.S.C. § 1983 and the civil RICO Act (18 U.S.C. § 1964)." (Doc. No. 9 at 1.) On the same day, Perttunen also filed a request for a temporary restraining order. (Doc. No. 7.)

The allegations in the Amended Complaint, however, are not sufficient to state a plausible claim because they do not address the necessary elements of a claim under section 1983 or RICO. For instance, other than a passing reference to "Plaintiff's Fourteenth Amendment Due Process rights," the allegations do not identify any constitutional violation or any person or entity who violated this right. (Doc. No. 9 at 1.) Nor does the Amended Complaint include allegations concerning the elements of a civil RICO claim, much less allegations sufficient to satisfy the heightened pleading standard that applies. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) ("A RICO claim must be pleaded with particularity under Rule 9(b) [which] requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." (citations

omitted)). Therefore, the Court dismissed the Amended Complaint.[1] Given this decision, the Court also necessarily denies Perttunen's IFP Application and his request for a temporary injunction.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Jordan John Perttunen's application to proceed *in forma pauperis* (Doc No. 2) is DENIED.

3. Perttunen's motions for a temporary restraining order (Doc. No. 4; Doc. No. 7) are DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 24, 2026

/s/ *Jeffrey M. Bryan*
Jeffrey M. Bryan
United States District Judge

---

[1] To the extent that Perttunen intended to supplement rather than supersede the initial complaint, the Court observes that the initial complaint also fails to state a plausible claim for relief. For instance, these allegations fail to allege the existence of an ongoing enterprise, as required to state a claim under RICO, among other deficiencies. In addition, the relief requested in the initial complaint requests that this Court enjoin ongoing state-court proceedings, something this Court cannot do. *E.g.*, *Night Clubs, Inc. v. City of Fort Smith, Arkansas*, 163 F.3d 475, 479 (8th Cir. 1998) (citing *Younger v. Harris*, 401 U.S. 37, 40 (1970)). Finally, although Perttunen purports to identify a class of parental custodians, as a self-represented litigant, he may not seek relief in federal court on behalf of anyone other than himself. *See* 28 U.S.C. § 1654.